**WRIGHT, FINLAY & ZAK, LLP**
Kim R. Lepore, Esq., Arizona Bar No. 019130
Amanda M. Breemes, Esq., Arizona Bar No. 030687
18444 N. 25th Ave., Suite 420
Phoenix, Arizona 85023
Telephone: 602-845-8898
Fax: 949-477-9200
klepore@wrightlegal.net | abreemes@wrightlegal.net

Attorneys for Defendant BANK OF AMERICA fka COUNTRYWIDE

# IN THE UNITIED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 11 Case) |
| MCCALLISTER PROPERTIES, LLC, | Case No.: 2:12-bk-01288-GBN |
| Debtor(s), | Substantively Consolidated |
| LYNTON KOTZIN, by and through Kotzin Valuation Partners as Trustee of the Chapter 11 Liquidating Trust, | **Adv No. 2:14-ap-00070-GBN** |
| Plaintiff, | ANSWER OF DEFENDANT BANK OF AMERICA |
| vs. | |
| ALLIED INSURANCE GROUP, INC. an Arizona corporation; ARIZONA IRON FURNITURE, LLC, is an Arizona limited liability company; BANK OF AMERICA fka COUNTRYWIDE; BENTON HALL and Jane Doe HALL; BIPAR & GRIEB FAMILY DENTISTRY and DR. ALI A. BIPAR and Jane Doe BIPAR; BRETT SHIRE and Jane Doe SHIRE; BROOKE JOHNSON and John Doe JOHNSON; BTW CONCERTS.COM, LLC, an Arizona limited liability company; CASCO BAY FINANCE COMPANY, LLC, a Delaware limited liability company; CASEY EHLERT and John Doe EHLERT; CITI FINANCIAL AUTO; CIT CONSTRUCTION, INCORPORATED OF TEXAS; COLLEEN HURT; COSTCO WHOLESALE | |

| | |
|---|---|
| 1 | MEMBERSHIP., INC.; DANE FRANDSEN and Jane Doe FRANDSEN; DANIEL SONTAG and Jane Doe SONTAG; DANTE DEMARCO and Jane Doe' DEMARCO; DAVID GESEFATTO and Jane Doe GESEFATTO; DAX MONTILLA and Jane Doe MONTILLA; DELUCCI COLLECTION, INC., a California corporation; DWIGHT MURRAY and Jane Doe Murray; ELAINE SHEFFER and John Doe SHEFFER; ELLIOTT D. POLLACK; EUROPEAN GARDENS, INC., an Arizona corporation; GARCIA ENGINEERING CONSULTANTS, INC.; GMAC and JEFFREY SCHLESINGER; GREGORY FORESTIMEDIA FOREST; GUCCI AMERICA, INC.; HOWIE FURNITURE, LLC, an Arizona limited liability company; ICON PAYMENT SOLUTIONS, INC., INGENIUM DESIGN, INC., an Arizona corporation; INNOV A TIVE WIRING SOLUTIONS, LLC, an Arizona limited liability company; J&B INDUSTRIAL PROPERTY, LLC, an Ohio limited liability company; J. AUSTON FABRICATIONS, L.L.C., an Arizona limited liability company; J.P. Morgan CHASE BANK, N.A.; JACOB BUSHBAUM and Jane Doe BUSHBAUM; JACQUELINE BUECHLER and John Doe BUECHLER; JAMES GONZALEZ and Jane Doe Gonzalez; JAMES KEELER and Jane Doe KEELER; JASON SA VEL and Jane Doe SAVEL; JIM CHILDS and Jane Doe CHILDS; JOHN REISER and Jane Doe REISER; KEVIN KELLEY and Jane Doe KELLEY; KINO PADILLA; KRISTEN C. COPPINGER and John Doe COPPINGER; KWIK-KOPY CORPORATION, a Texas corporation; LACY MCDADE and John Doe MCDADE; LAND GROUP LANDSCAPE ARCHITECTS, INC., an Arizona corporation; LARRY MEDINA and Jane Doe MEDINA; LEE ENGINEERING, LLC, an Arizona limited liability company; LOUIS VUITTON USA, Inc.; LUXOR AUTO GROUP, INC.; LYONS VALUATION |

| | |
|---|---|
| 1 | GROUP, LLC, an Arizona limited liability company; MARK JOHNSON and Jane Doe JOHNSON; MODA FINA COLLECTIONS, LLC, an Arizona limited liability company; MY WEBTEK, LLC, an Arizona limited liability company; PRESIDIO CIRCLE HOLDINGS, LLC, an Arizona limited liability company; RICHARD BALDWIN and Jane Doe Baldwin; RIGID INDUSTRIES OF ARIZONA, LLC, an Arizona limited liability company; ROCHELLE MAIN and John Doe MAIN; ROXANNE WHITMAN and John Doe WHITMAN; RYAN LESLIE and Jane Doe LESLIE; SAGUARO LAKE MARINA OF ARIZONA, LLC, an Arizona limited liability company; SCOTT VOINOVICH and Jane Doe VOINVICH; SEAN MECHAM and Jane Doe MECHAM; SINGLETON ENTERTAINMENT CORPORATION, a California corporation; SPEED SPORTS RACING & GAMES, INC., is an Arizona corporation; STEPHEN HALE and Jane Doe Hale; SUNTRUST MORTGAGE, INC., an Arizona corporation; SVK ENGINEERING INC., an Arizona corporation; THE LOAN STORE, LLC, an Arizona limited liability company;. TIANA SANDOVAL and John Doe SANDOVAL; TIM WILLIAMS and Jane Doe Williams; TOM BAIRD and Jane Doe BAIRD; TOM SNYDER and Jane Doe Snyder; US FAMIL Y INSURANCE, LLC, an Arizona limited liability company; VINCE LOSTORTO and Jane Doe LOSTORTO; WAL-MART STORES, INC., an Arizona corporation; WHEEL SPECIALISTS, an Arizona corporation, |
| | Defendants. |

Defendant BANK OF AMERICA fka COUNTRYWIDE ("Defendant"), hereby answers the Complaint for Avoidance Fraudulent Transfers and Turnover ("Complaint") filed by

LYNTON KOTZIN, by and through Kotzin Valuation Partners as Trustee of the Chapter 11 Liquidating Trust, as follows:

Defendant denies each and every allegation contained in the Complaint that is not expressly admitted herein.

1. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 1, and, on that basis, denies each and every allegation contained therein.

2. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 2, and, on that basis, denies each and every allegation contained therein.

3. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 3, and, on that basis, denies each and every allegation contained therein.

4. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 4, and, on that basis, denies each and every allegation contained therein.

5. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 5, and, on that basis, denies each and every allegation contained therein.

6. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 6, and, on that basis, denies each and every allegation contained therein.

7. Defendant does not have sufficient information or belief at this time to respond to

the allegations in Paragraph 7, and, on that basis, denies each and every allegation contained therein.

8. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 8, and, on that basis, denies each and every allegation contained therein.

9. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 9, and, on that basis, denies each and every allegation contained therein.

10. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 10, and, on that basis, denies each and every allegation contained therein.

11. Defendant admits that Bank of America, National Association, is registered to conduct business in the State of Arizona and was formerly known as Countrywide.

12-86. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraphs 12-86, and, on that basis, denies each and every allegation contained therein.

87-104. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraphs 87-104, and, on that basis, denies each and every allegation contained therein.

105-134. Paragraphs 105-134 do apply to Defendant and therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraphs 105-134 and, on that basis, denies each and every allegation contained therein.

135. Paragraph 135 does not require a response; however, to the extent a response is required, Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraphs 135 and, on that basis, denies each and every allegation contained therein.

136. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 136, and, on that basis, denies each and every allegation contained therein.

137. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 137, and, on that basis, denies each and every allegation contained therein.

138. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 138, and, on that basis, denies each and every allegation contained therein.

139. Defendant admits that a payment of $4,700.33 was made on February 25, 2008 into an account ending in 9698. Defendant denies the remaining allegations contained in paragraph 139.

140. Defendant denies each and every allegation contained therein and demands strict proof thereof.

141. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 141, and, on that basis, denies each and every allegation contained therein.

142. Defendant admits that a payment of $4,700.33 was made on February 25, 2008 into an account ending in 9698. Defendant does not have sufficient information or belief at this

time to respond to the remaining allegations in Paragraph 142, and, on that basis, denies each and every allegation contained therein.

143. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 143, and, on that basis, denies each and every allegation contained therein.

144. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 144, and, on that basis, denies each and every allegation contained therein.

145. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 145, and, on that basis, denies each and every allegation contained therein.

146. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 146, and, on that basis, denies each and every allegation contained therein.

147. Defendant denies each and every allegation contained in Paragraph 147.

148. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 148, and, on that basis, denies each and every allegation contained therein.

149. Defendant does not have sufficient information or belief at this time to respond to the allegations in Paragraph 149, and, on that basis, denies each and every allegation contained therein.

150-271. Paragraphs 150-271 do not apply to Defendant, and therefore, a response is not required. To the extent a response is required, Defendant denies each and every allegation

contained therein.

1-145. The second set of Paragraphs 1-145 on pages 33-55 of the Complaint do not apply to Defendant, and therefore, a response is not required. To the extent a response is required, Defendant denies each and every allegation contained therein.

272-277. Paragraphs 272-277 on page 56 of the Complaint do not apply to Defendant and therefore, a response is not required. To the extent a response is required, Defendant denies each and every allegation contained therein.

146-1005. Paragraphs 146-1005 on pages 56-176 of the Complaint do not apply to Defendant and therefore, a response is not required. To the extent a response is required, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

Defendant alleges that Plaintiff has failed to state facts sufficient to constitute any cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Equitable Defense, Laches, Unclean Hands, Failure to do Equity)

Defendant alleges that Plaintiff's claims are barred by the equitable doctrines of laches, unclean hands and failure to do equity.

### THIRD AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

Defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff recovers nothing from the claims made in its Complaint;

2. That Defendant recovers from Plaintiff its legal fees and costs; and

3. For such other and further relief as the court may deem just and proper.

RESPECTFULLY SUBMITTED this 17th day of June, 2014.

**WRIGHT, FINLAY & ZAK, LLP**

By: /s/ Kim R. Lepore, #019130
    Kim R. Lepore, Esq.
    Attorneys for Defendant BANK OF AMERICA fka COUNTRYWIDE

Copies of the foregoing filed electronically
this 17th day of June 2014

Copies of the foregoing mailed
this 17th day of June 2014, to:

Adam Nach, Esq.
Joel F. Newell, Esq.
Lane & Nach, P.C.
2001 E. Campbell Avenue, Suite 103
Phoenix, AZ 85016

By: /s/ Steven E. Bennett